IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wendell Brown, | ) Civil Action No.: 8:15-cv-01252-BHH-JDA |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Andy Strickland, Jodie Taylor, | ) **OF MAGISTRATE JUDGE** |
| Matthew Walker, David Matthews, | ) |
| Colleton County Sheriffs Office, | ) |
| Defendants.[1] | ) |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. §1983. On March 27, 2015, the Court advised Plaintiff of his duty to keep the Court informed of his current address. [Doc. 10.] On September 30, 2015, Defendants Andy Strickland and Jodie Taylor filed a motion for summary judgment. [Doc. 44.] By Order of this Court on October 2, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.[2] [Doc. 46.] Despite this explanation, Plaintiff failed to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed an Order on December 2, 2015, giving Plaintiff through December 21, 2015, to respond to the motion for summary

---

[1] The undersigned has previously recommended dismissal of Defendants David Matthews, Matthew Walker, and Colleton County Sheriffs Office without prejudice and without issuance and service of process. [Doc. 20.]

[2] The Court notes that the initial *Roseboro* Order was returned as undeliverable. [Doc. 48.] The *Roseboro* Order was remailed to an updated address and the response deadline was reset [Docs. 50, 51]; this Order has not been returned.

judgment. [Doc. 53.] The December 2, 2015 Order was returned as undeliverable and unable to forward. [Doc. 56.] Plaintiff has not updated his address or responded to the motion for summary judgment.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).  Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . .  In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response to the motion for summary judgment and to advise the Court of the current address at which he can receive mail.  The Court specifically warned Plaintiff that the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline.  [Doc. 10 at 3.]  Additionally, Plaintiff has had over two months to respond to the motion for summary judgment.  Plaintiff's initial response was due by November 29, 2015 and, despite being advised of the possible consequences if he failed to adequately respond, Plaintiff has elected not to respond.  Because Plaintiff has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

        <u>s/Jacquelyn D. Austin</u>
        United States Magistrate Judge

January 5, 2016
Greenville, South Carolina